UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **IRMA MATAMOROS-SANTILLAN,**<br>     Petitioner,<br><br>v.<br><br>**KIMBERLY NEELY,**<br>     Respondent. | **Case No. 7:24-cv-85-CLM-JHE** |

## MEMORANDUM OPINION

The magistrate judge has entered a report, recommending that the court deny Petitioner Irma Matamoros-Santillan's petition for writ of habeas corpus. (Doc. 18). Matamoros-Santillan objects to the magistrate judge's recommendation. (Doc. 19). As discussed below, the court **OVERRULES** Matamoros-Santillan's objections.

Matamoros-Santillan is a federal prisoner who seeks to have Earned Time Credits ("ETCs") under the First Step Act applied to her sentence. (*See* Doc. 1). The magistrate judge concluded that Matamoros-Santillan is not eligible to have those credits applied because she is a deportable prisoner subject to a final order of removal. (*See* Doc. 18). The magistrate judge based this conclusion on evidence presented at an evidentiary hearing, including Matamoros-Santillan's admission that she is subject to a final order of removal. (*Id.*, pp. 3, 7).

Matamoros-Santillan raises a single objection to the report and recommendation: that she is "subject TO removal" but is not "the subject OF removal." (Doc. 19, p. 2). She argues that the distinction between these two categories is that "'subject OF removal' applies to individuals who have final, unappealable removal orders or who have been removed previously and unlawfully reentered," while "'subject TO removal' refers to individuals who are removable under immigration law but have not been issued a final order of removal." (*Id.*). Matamoros-Santillan now contends that she "has never been

ordered removed in a final, unappealable decision," arguing that she "retains the right to challenge her removal, meaning her removal order is not yet final." (*Id.*).

Matamoros-Santillan's arguments are foreclosed by the evidence presented to the magistrate judge at the evidentiary hearing. An ICE officer testified that he had found no evidence that Matamoros-Santillan had ever appealed her order of removal issued on November 3, 2022. (Doc. 14-1, pp. 66–67; doc. 5-2). And Matamoros-Santillan conceded on the record that the immigration attorney representing her at the time had not appealed that order and that she understood that the order of removal became final when the December 5, 2022, appeal deadline passed. (Doc. 14-1, pp. 89–90). So even under the logic of her objection, Matamoros-Santillan is the subject of a final order of removal because she has been ordered removed in a final removal order that is no longer appealable. The court thus **OVERRULES** Matamoros-Santillan's objections without deciding if her 'to versus of' theory is correct.[1]

Having considered the entire record and the report and recommendation, the court **ADOPTS** the magistrate judge's report and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of this court. Consistent with that recommendation, the court **WILL DISMISS** Matamoros-Santillan's petition for writ of habeas corpus. The court will enter a separate final order that carries out this ruling and closes this case.

**Done** on March 19, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

---

[1] The magistrate judge noted in the order setting the evidentiary hearing that other courts have rejected as meritless the distinction Matamoros-Santillan draws between being the subject "of" a final order of removal and being subject "to" a final order of removal. (*See* doc. 8, p. 4 n.1) (citing *Sanchez-Rios v. Neely*, No. 7:23-cv-00481-LCB-NAD, 2023 WL 9111251, at *3 (N.D. Ala. Dec. 5, 2023), *report and recommendation adopted,* No. 7:23-cv-00481-LCB-NAD, 2024 WL 69954 (N.D. Ala. Jan. 5, 2024)).